UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACQUELYN Y. SMITH,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 19-12123

SENIOR U. S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ANTHONY P. PATTI

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15];
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16]; AND
REMANDING CASE**

Plaintiff, Jacquelyn Y. Smith, applied for Supplemental Security Income ("SSI") from the Social Security Administration ("SSA") on November 17, 2011. (ECF No. 12, PageID.154). On June 14, 2013, an Administrative Law Judge ("ALJ") found her disabled due to recurring cerebral aneurysms, associated cognitive issues, and a history of polysubstance abuse in remission. (ECF No. 12, PageID.156, 158, 186). On November 2, 2015, following a continuing disability review, the SSA reversed course, determining that Plaintiff's health had improved enough to enable her to work, and that accordingly, she was no longer disabled within the meaning of the Social Security Act ("the Act"). (ECF No. 12, PageID.160).

Plaintiff filed a written request for reconsideration on November 13, 2015. (ECF No. 12, PageID.167). That request was denied by a Disability Hearing Officer on

August 10, 2018. (ECF No. 12, PageId.190-93). Plaintiff then requested a hearing before an ALJ. (ECF No. 12, PageID.200). A hearing was held on January 22, 2019, in Detroit, MI. (ECF No. 12, PageID.68). On March 15, 2019, the ALJ issued an opinion affirming the SSA's determination that Plaintiff had ceased to be disabled on November 2, 2015. (ECF No. 12, PageID.47). Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council. (ECF No. 12, PageID.233). When the Appeals Council denied her request for review on June 28, 2019, Plaintiff timely filed this action under 42 U.S.C. § 405(g). (ECF No. 12, PageID.34; ECF No. 1; PageID.2).

Plaintiff, with the limited assistance of the Detroit Mercy Law *Pro Se* Legal Assistance Clinic, filed a Motion for Summary Judgment [15] on November 26, 2019. (ECF No. 15). Defendant filed a Motion for Summary Judgment [16] on December 18, 2019. (ECF No. 16). Plaintiff filed a Reply [18] to Defendant's Motion [16] on February 26, 2020. (ECF No. 18). Defendant, after requesting and being granted leave, filed a Sur-Reply [20] on March 5, 2020. (ECF No. 19; ECF No. 20). For the reasons stated below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment [15], **DENIES** Defendant's Motion for Summary Judgment [16], and **REMANDS** Plaintiff's case for further administrative proceedings.

## FACTUAL BACKGROUND

Plaintiff is fifty-four years old and has "a significant history of cerebral aneurysms." (ECF No. 12, PageID.347). Over the last two decades, these aneurysms have resulted in "a combination of severe mental and neurological deficits," including,

among other things, seizures, headaches, dizziness, poor short-term memory, difficulty focusing, poor judgment, and deficiency of knowledge. (ECF No. 12, PageID.49, 54). Plaintiff also has a history of polysubstance abuse and, since November 2015, has been diagnosed with epilepsy, hypertension, adjustment disorder, and various eye problems. (*Id.*). Plaintiff currently alleges disability primarily as a result of her seizures. (ECF No. 15, PageID.519).

At the January 2019 hearing before ALJ Elias Xenos, Plaintiff appeared and testified without counsel. (ECF No. 12, PageID.68). In addition to Plaintiff, a vocational expert, Harry Cynowa, provided testimony. (*Id.*). Following the hearing, the ALJ issued a written decision finding Plaintiff not disabled under the Act pursuant to the seven-step analysis set forth in 20 C.F.R. § 416.994(b)(5). (ECF No. 12, PageID.47).

### STANDARD OF REVIEW

A District Court's review of a Social Security case is typically limited to determining whether the ALJ's findings are "supported by substantial evidence and whether the Commissioner applied the correct legal standards." *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010); *see also* 42 U.S.C. § 405(g). Where a claimant is unrepresented by counsel, however, the Court must "scrutinize the record with care." *Holden v. Califano*, 641 F.2d 405, 408 (6th Cir. 1981). Moreover, "[e]ven if supported by substantial evidence," an ALJ's decision will not be upheld if record reflects that the claimant was "deprived of a substantial right." *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2006).

### ANALYSIS

The Parties' arguments in this case can be separated into two categories: 1) the alleged defects in the way the ALJ conducted the hearing and 2) the alleged defects in the ALJ's analysis. As explained in more detail below, the Court agrees that Plaintiff did not receive a fair hearing on January 22, 2019. Accordingly, the Court will remand the case for further proceedings, and does not reach the Parties' arguments as to whether the ALJ's decision was supported by substantial evidence.

The Due Process Clause of the Fifth Amendment demands that claimants be afforded a "full and fair hearing." *Lashley v. Sec'y of Health & Hum. Servs.*, 708 F.2d 1048, 1051 (6th Cir. 1983); *Young v. Comm'r of Soc. Sec.*, No. 17-10268, 2017 U.S. Dist. LEXIS 216564, at *14 (E.D. Mich. Nov. 30, 2017). But what that requires from an ALJ may vary depending on the circumstances of the particular case. For example, while it is typically the responsibility of the claimant to develop the record, "a special, heightened duty to develop the record" is imposed upon the ALJ where "a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures." *Wilson v. Comm'r of Soc. Sec.*, 280 F. App'x 456, 459 (6th Cir. 2008) (citing *Lashley*, 708 F.2d at 1051-52). Whether the ALJ has met the "full and fair hearing" requirement by satisfying this special, heightened duty is determined on a case-by-case basis. *Lashley*, 708 F.2d at 1052.

Here, the record reflects that, under *Lashley* and *Wilson*, Plaintiff's circumstances did impose a special, heightened duty on the ALJ to develop the record.

Case 2:19-cv-12123-AJT-APP ECF No. 22, PageID.570 Filed 11/10/20 Page 5 of 11

First, Plaintiff was unrepresented by counsel at her hearing. (ECF No. 12, PageID.47, 231). Second, Plaintiff has well-established cognitive deficits of which the ALJ was aware. (ECF No. 12, PageID.43, 73-74). It is apparent from the way in which she struggled to coherently answer the ALJ's questions and stay on track during the hearing that she was not capable of presenting an effective case. (ECF No. 12, PageID.79-80). Finally, while this was not Plaintiff's first hearing, she clarified for the ALJ at the beginning of the proceeding that she could not recall her prior hearing due to her cognitive issues. (ECF No. 12, PageID.73). Indeed, she was not even aware at the start of the hearing that the ALJ would be deciding her case. (ECF No. 12, PageID.74). Consequently, the ALJ should have known that she was unfamiliar with the hearing procedures. Accordingly, a heightened duty applied. *See Lashley*, 708 F.2d at 1049-53 (finding a heightened duty where the claimant "was inarticulate[] and appeared to be easily confused" after suffering two strokes).

The Court now turns to the question of whether the ALJ satisfied this heightened duty. Although "[t]here is no bright line test," the Sixth Circuit has clarified that the ALJ must have "scrupulously and conscientiously probe[d] into, inquire[d] of, and explore[d] for all the relevant facts." *Id.* at 1052 (quoting *Gold v. Sec'y of Health, Educ. & Welfare*, 463 F.2d 38, 43 (2d Cir. 1972)). "Failure by an ALJ to fully develop the factual record in a particular matter is often evidenced by superficial or perfunctory questioning, as well as a failure to obtain all available medical records and documentation." *Vaca v. Comm'r of Soc. Sec.*, No. 1:08-CV-653, 2009 U.S. Dist.

Page **5** of **11**

LEXIS 125529, at *15 (W.D. Mich. Aug. 18, 2009), *R&R Adopted*, 2010 U.S. Dist. LEXIS 19515.

Here, the record reflects that the ALJ failed to satisfy his heightened duty. Plaintiff's hearing was conducted in under twenty minutes. Though this alone is not conclusive evidence that the ALJ "did not fulfill his responsibility in the case," it is illustrative. *See Lashley*, 708 F.2d at 1052 (finding the ALJ failed to satisfy his duty where the hearing "lasted a mere 25 minutes"); *Jordan v. Comm'r of Soc. Sec.*, No. 10-14786, 2012 U.S. Dist. LEXIS 3396, at *1 (E.D. Mich. Jan. 11, 2012) (finding the same where "Plaintiff asked no questions of the witnesses, and the hearing lasted twenty minutes").

Beyond the brevity of the hearing, the record reflects that the ALJ cut Plaintiff off on several occasions before she could give complete answers to questions. (ECF No. 12, PageID.78, 79, 82). Though this may have been an effort to steer Plaintiff in the right direction, it nevertheless appears to have prevented Plaintiff from fully answering questions, particularly as they related to the frequency of her seizures. *See Lashley*, 708 F.2d at 1052 (noting that the ALJ need not have "intended to produce an unfair result" in order to fail to satisfy his duty). In addition, after Plaintiff explained that her seizures occurred while she slept, the ALJ should have sought to obtain additional records from Plaintiff's treating neurologist, Dr. Pratik Bhattacharya, rather than asking her "when's the last time you recall a friend . . . or anybody telling you that you [had a seizure]?" (ECF No. 12, PageID.79). Had the ALJ attempted to obtain this

Page **6** of **11**

additional evidence, he might have come across an August 25, 2018 letter in which Dr. Bhattacharya explains that Plaintiff "has seizures" as a result of her aneurysms and opines that "because of her [associated] cognitive difficulties . . . she cannot work." (ECF No. 12, PageID.90). This failure to develop the record prejudiced Plaintiff because, at the very least, the apparent infrequency of her seizures formed the basis of the ALJ's determination that her epilepsy did not meet or medically equal Listing 11.02. (ECF No. 12, PageID.49).

Finally, as demonstrated by the following colloquy at the beginning of the hearing, the ALJ also failed to ensure Plaintiff had been properly informed as to waiver of counsel.

> ALJ: Now ma'am, you are not represented today, is that, is that true?
>
> CLMT: No, just me.
>
> ALJ: All right, and you understand that you have a right to be represented if you wish to be?
>
> CLMT: Yeah, but I mean, I wouldn't have – I don't have nobody to represent me. I mean, I don't have no money and no, whatever. So, I don't know nobody who could, who could represent me.
>
> ALJ: Okay, okay, so are you, are you willing to proceed today without representation?
>
> CLMT: Yeah, I don't have – I mean, I have no means of even, of representation I can do. I mean –
>
> ALJ: Okay. Sometime before you leave today, a hearing reporter's going to give you a waiver of representation form. If you could please read it, and sign it, and get it back to us, we'll be sure that it's submitted.

(ECF No. 12, PageID.71). Following the hearing, Plaintiff signed the waiver. (ECF No. 12, PageID.231).

"Although a claimant does not have a constitutional right to counsel at a social security disability hearing, [she] does have a statutory and regulatory right to be represented should she choose to obtain counsel." *Jordan*, 2012 U.S. Dist. LEXIS 3396, at \*14 (quoting *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009). "Part of the administrative law judge's duty in this regard is to ensure that the claimant is aware of his or her right to legal representation." *Johnson v. Comm'r of Soc. Sec.*, 97 F. App'x 539, 542 (6th Cir. 2004) (citing *Robinson v. Sec'y of Health & Hum. Servs.*, 733 F.2d 255, 257 (2d Cir. 1984)). While a claimant can waive this right, that waiver, "[a]s with waivers of the right to counsel generally, . . . must be 'knowingly and intelligently made.'" *Jordan*, 2012 U.S. Dist. LEXIS 3396, at \*14 (quoting *Newberger v. Comm'r of Soc. Sec.*, 293 F. App'x 710, 712 (11th Cir. 2008)).

The instant record shows that Plaintiff's waiver was not fully informed. Although Plaintiff appeared to understand superficially that she was permitted to be represented, the ALJ did not explain to her how an attorney might be of assistance to her or question her apparent misapprehension that she had no means of representation. (ECF No. 12, PageID.71). Particularly in light of Plaintiff's cognitive issues, this constituted error. *See Rietsema v. Sec'y of Health & Hum. Servs.*, 1985 U.S. App. LEXIS 14095, at \*8 (6th Cir. Sept. 11, 1985) ("Especially where the claimant may be suffering from mental

illness, the ALJ should explain the role of an attorney." (citing *Smith v. Sec'y of Health, Educ. & Welfare*, 587 F.2d 857, 860-61 (7th Cir. 1978))). Furthermore, as described above, Plaintiff was prejudiced by this error. Had she been better advised of her right to representation and given the opportunity to find counsel, as other courts have done under similar circumstances, she would have been far better able to provide evidence as the frequency of her seizures. *See, e.g.*, *Thomas v. Comm'r of Soc. Sec.*, 550 Fed. App'x 289, 290-91 (6th Cir. 2014) (holding that the ALJ did not err in proceeding with the claimant's hearing, despite her lack of representation, because "the ALJ had previously continued the hearing for several months to give [her] the opportunity to obtain representation").

Defendant argues that the Court should not consider the above due process issues in light of the fact that Plaintiff did not raise them in her initial Motion for Summary Judgment [15]. (ECF No. 20, PageID.560). Although "claim[s] raised for the first time in a reply brief [are] generally forfeited," *Hardin v. United States*, 595 F. App'x 460, 462 n.1 (6th Cir. 2014) (citing *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001)), a District Court can, in its discretion, consider new arguments raised in a reply brief under exceptional circumstances. *See, e.g.*, *Chapman v. Saul*, No. 1:18cv1616, 2019 U.S. Dist. LEXIS 135574, at *11-12 n.5 (N.D. Ohio Aug. 12, 2019) ("Were it not for the exceptional circumstances present herein, the Court would likely not have considered the issue newly raised in Plaintiff's Reply Brief." (emphasis omitted)). Here, the Court finds that Plaintiff's *pro se* status and cognitive difficulties constitute

exceptional circumstances that warrant departure from the general rule. Moreover, because Defendant was granted leave to file a Sur-Reply, the rationale for declining to consider issues raised for the first time in a reply brief—that the opposing party will not have had the opportunity to address them—does not apply.

Accordingly, under 42 U.S.C. § 405(g), the Court will remand Plaintiff's case to the ALJ for a new hearing. On remand, if Plaintiff is still unrepresented, the ALJ must satisfy a heightened duty to develop the record in compliance with *Lashley* and *Wilson*. This may include, but is not limited to, procuring up-to-date evidence from Dr. Pratik Bhattacharya, and taking testimony from a witness to Plaintiff's nighttime seizures. Finally, Plaintiff must be provided, on the record, with a clear explanation of the ways in which counsel could be of assistance and the steps that she would have to take to avail herself of the assistance of counsel. If that information is not provided prior to the hearing, Plaintiff must be allowed a reasonable continuance to obtain counsel, if she desires.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [16] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's case is **REMANDED** to the ALJ for further proceedings consistent with this order.

**SO ORDERED**.

Dated: November 10, 2020

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge